**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2012

No. 11-30032
Summary Calendar

Lyle W. Cayce
Clerk

LANCE JAMES,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-194

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lance James, Louisiana prisoner # 462428, was convicted by a jury of second degree murder and was sentenced to life in prison. The evidence linking him to the murder consisted of the testimony of one eyewitness and James's confession. The Louisiana Fourth Circuit Court of Appeal rejected James's argument on appeal that he did not knowingly and voluntarily waive his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and the Louisiana Supreme Court denied review. James filed a 28 U.S.C. § 2254 petition, in which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he raised the validity of the waiver and a claim that counsel rendered ineffective assistance. The district court denied the petition but granted a certificate of appealability (COA) on the waiver issue.[1] James now appeals.

We review the district court's findings of facts for clear error and its conclusions of law de novo, using the same standard of review that was applicable to the district court's review of the state court decision. *Rabe v. Thaler*, 649 F.3d 305, 308 (5th Cir. 2011). Under that standard, a federal court may not grant relief on claims adjudicated on the merits in state court unless the adjudication resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). This is a highly deferential standard. *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). It is not enough that a federal court would have decided the issue differently; the state court's application of clearly established federal law must have been objectively unreasonable. *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010); *Blue v. Thaler*, 665 F.3d 647, 654 (5th Cir. 2011).

A defendant's waiver of his *Miranda* rights must be knowing and intelligent, and it must be voluntary, distinct inquiries that look to the totality of the circumstances. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). James, whose IQ places him in the range of mild mental retardation, contends that his waiver was not knowing and voluntary because of his mental capacity. According to James, intelligence and mental state are key concerns in the analysis whether his will was overborne. Further, he says, the evidence regarding his intelligence shows that he did not understand his legal rights. He focuses on the evidence

---

[1] The district court's COA was granted on the "voluntariness of confession." While the question of whether a confession is "knowing" and whether it is "voluntary" involve discrete inquiries, in context, we conclude that the district court was referring to the entirety of the *Miranda* waiver issue and conclude that we therefore have jurisdiction over that issue.

from state court competency hearings and, in particular, the testimony of an examining doctor on one occasion that he had little understanding of his rights, including his right to remain silent, which led to an initial finding of incompetency. Thus, he argues, it may be inferred that he did not understand his rights when he confessed.

As the state appeal court applied the correct legal principles, and given the absence of Supreme Court precedent holding a waiver to be invalid on materially indistinguishable facts, the state court's determination was not contrary to clearly established federal law. *See Rocha v. Thaler*, 619 F.3d 387, 393 (5th Cir. 2010), *cert. denied*, 132 S. Ct. 397 (2011). In addition, as discussed below, the state court's determination was not objectively unreasonable.

With respect to voluntariness, mental condition alone is insufficient to show that a waiver was not voluntary, as *Miranda* protects against governmental coercion. *Colorado v. Connelly*, 479 U.S. 157, 164-65, 169-70 (1986). James identifies no coercive tactics by the officers who interviewed him, nor does the record reveal any. Absent any such evidence, the state court's determination that his waiver was voluntary was not unreasonable.

As for James's claim that his waiver was not knowing and intelligent, there was evidence that James did not understand his rights when he was first examined for competency. However, Dr. Raphael Salcedo testified that the initial determination of incompetency was influenced by James's nervousness and evasiveness. After that first examination, he examined James four more times and always found him competent. Dr. Richard Richoux concurred with Dr. Salcedo's testimony. Further, when James arrived at the forensic facility following the trial court's initial finding that he was not competent, he was borderline competent. Although his overall IQ was 65, James's verbal IQ, which is linked to understanding of legal rights, was 72, which is in the borderline range. The court of appeal also noted that James had sufficient intelligence and awareness to construct an alibi, and both the trial court and the Fourth Circuit

concluded that James's responses on the tape of his confession suggested that he understood his rights.

Given the substantial deference owed the state court's determinations, we conclude that the district court did not err by denying James's petition. We do not reach the respondent's harmless error argument. James's ineffective assistance claim is not before the court as a COA was not granted on that issue. *See United States v. White*, 307 F.3d 336, 339 n.1 (5th Cir. 2002).

For the foregoing reasons, the judgment of the district court is AFFIRMED.