**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2012

No. 10-50794
Smmary Calendar

Lyle W. Cayce
Clerk

CHARLIE JULIUS GONZALES,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-456

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charlie Julius Gonzales, Texas prisoner # 1194735, was convicted in 2003 of one count of aggravated assault.  After the conviction was affirmed on direct appeal and Gonzales was denied state habeas relief, he challenged the conviction in a federal habeas application under 28 U.S.C. § 2254, raising the same claims raised in his state habeas application.  The parties consented to proceed before a magistrate judge (MJ), who denied all of Gonzales's claims and denied a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certificate of appealability (COA) for most of his claims.  The MJ granted a COA only as to (1) Gonzales's first, second, and third claims, in which he argued that the trial court erred by using a single general verdict form, without a unanimity instruction, for the four separate charges of aggravated assault alleged against him; and (2) Gonzales's claim that his trial counsel provided ineffective assistance by failing to object to the verdict form and jury charge.

*Verdict form and jury charge*

Regarding the first issue, Gonzales contends that the trial court's use of a single general verdict form without a unanimity instruction allowed him to be convicted without jury unanimity as to any single charge of aggravated assault. On appeal from the denial of a § 2254 application, this court reviews the district court's findings of facts for clear error and its conclusions of law de novo, applying the same standard of review that was applicable to the district court's review of the state court decision.  *Rabe v. Thaler*, 649 F.3d 305, 308 (5th Cir. 2011).  Section 2254(e)(1) provides that a state court's determination of a factual issue shall be presumed to be correct unless the § 2254 applicant rebuts the presumption by clear and convincing evidence.

Additionally, federal habeas relief cannot be granted on claims adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). Section 2254(d) applies only to claims that were adjudicated on the merits in state court. *Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010).  Claims not adjudicated on the merits in state court are reviewed de novo in federal court.  *Cone v. Bell*, 556 U.S. 449, 129 S. Ct. 1769, 1784 (2009).

On direct appeal, the state court of appeals determined regarding this issue that Gonzales was charged with four separate offenses of aggravated

assault and that the trial court erred in using only one general verdict form without instructing the jury that Gonzales could not be found guilty of a charge of aggravated assault without unanimity as to that charge. *Gonzales v. State*, 191 S.W.3d 741, 749 (Tex. Ct. App. 2006). However, the court of appeals held that the error did not amount to "egregious harm," the standard of review that was applicable because defense counsel did not timely object to the error in the trial court. *Id.* at 749-51. The Texas Court of Criminal Appeals refused Gonzales's ensuing request for a petition for discretionary review. Gonzales's state habeas claims on this issue were denied on the ground that they were or could have been raised in the trial court or on direct appeal.

In light of this procedural history, Gonzales's claims on this issue were denied in state court on procedural grounds. *See Scheanette v. Quarterman*, 482 F.3d 815, 823-24 (5th Cir. 2007); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). Because the respondent has not raised a procedural bar defense to the claims, we may apply de novo review to the issue whether Gonzales is entitled to federal habeas relief based on the trial court's use of a single general verdict form without a unanimity instruction. *See Cone*, 129 S. Ct. at 1784; *Woodfox*, 609 F.3d at 794; *Fisher*, 169 F.3d at 301; *compare Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000)(leaving open possibility that appellate court has discretion to apply procedural bar even if not timely raised by state).

Even under de novo review, Gonzales's challenge does not amount to federal constitutional error warranting habeas relief. While the state court of appeals's conclusion that the trial court erred under state law is binding here, *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see Amador v. Quarterman*, 458 F.3d 397, 412 (5th Cir. 2006), a mere error of state law is not of constitutional dimension, and a defendant is not constitutionally entitled to a unanimous verdict.

Alternatively, to the extent Gonzales asserts the instructional error denied him due process, the trial court's error is subject at best to harmless-error

analysis on federal habeas review. *See Hedgpeth v. Pulido*, 555 U.S. 57, 58-61 (2008); *Paredes v. Thaler*, 617 F.3d 315, 319, 326 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 1050 (2011). The relevant inquiry under the harmless error standard is whether "the flaw in the instructions 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Hedgpeth*, 555 U.S. at 58 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)); *accord Paredes*, 617 F.3d at 319.

Gonzales has not demonstrated prejudice from the trial court's error. First, none of the four allegations of aggravated assault against him were mutually exclusive, so a juror who believed that Gonzales committed aggravated assault under any single charge was not precluded from finding that all of the other allegations of aggravated assault were also proven. Second, there was no dispute that the victim had sustained injuries, including a cut on her back which required stitches, a blow-out fracture of the orbital bone near her right eye, severe bruising on her face and neck, and bleeding about her eyes and nose. The jury was presented with two mutually exclusive theories on who caused the victim's injuries: the prosecution contended that Gonzales caused them while the defense contended that the victim inflicted the injuries to herself.

Neither party contended or presented evidence indicating that Gonzales or the victim caused only part, but not all, of the harm to her. Thus, the evidence and theories presented at trial indicated that either (1) Gonzales was entirely responsible for the harm and was guilty of aggravated assault or (2) the victim was responsible and Gonzales was not guilty of any counts of aggravated assault. The fact that the jury found Gonzales guilty of aggravated assault at all necessarily meant that they unanimously found that he was the responsible party.

Gonzales contends that the jurors could have reached a guilty verdict based on at least seven different scenarios and that it is impossible to determine that the jury was unanimous as to any single scenario. However, the scenarios

proposed by him contemplate that jurors may have found that he committed some of the alleged acts of aggravated assault but not all of them, a prospect that was counter to the evidence and theories presented at trial. Gonzales has not satisfied his burden of demonstrating prejudice as to this issue, as the trial court's use of a single general verdict form without a unanimity instruction did not have a substantial and injurious effect or influence on the jury's verdict regarding aggravated assault. *See Hedgpeth*, 555 U.S. at 58; *Paredes*, 617 F.3d at 319.

*Ineffective assistance of counsel*

With respect to the second issue on which Gonzales was granted a COA, Gonzales contends that his trial counsel provided ineffective assistance by failing to object to the verdict form and the absence of a unanimity instruction. To prevail on a claim of ineffective assistance of counsel, the defendant must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either deficient performance or prejudice defeats the claim. *Id.* To demonstrate prejudice, Gonzales "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Initially, Gonzales has shown no basis for this court to determine that the state courts were unreasonable in concluding that his trial counsel did not perform deficiently. Indeed, the court, the prosecution and trial counsel all concluded, based on Texas law at the time of trial, that a general verdict could be submitted to the jury.

But even if we move to the issue of prejudice and apply a de novo standard because the state courts did not decide prejudice, *see Berghuis v. Thompkins*, 130 S. Ct. 2250, 2265 (2010); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005, Gonzales cannot show prejudice under *Strickland*. Given the evidence of harm to the victim that was uncontested at trial and the parties' mutually exclusive

theories regarding whether the harm was inflicted by Gonzales or self-inflicted, as described above, the jury's verdict meant that it believed the prosecution's theory that Gonzales was responsible for the harm. Gonzales has not shown a reasonable probability that separate verdict forms for each charge of aggravated assault or a unanimity instruction would have changed the result of the proceeding in a manner favorable to him.

**AFFIRMED.**