**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2012

Lyle W. Cayce
Clerk

No. 11-30574
Summary Calendar

DAVID DUCROS,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-6977

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant David Ducros, Louisiana prisoner # 117331, appeals the denial of his 28 U.S.C. § 2254 petition in which he sought relief from his conviction for second degree murder and his sentence of life imprisonment. The district court denied relief but granted a certificate of appealability on the issues whether (1) Ducros was denied effective assistance of trial counsel because his lawyers prevented him from testifying, and (2) the trial court's instruction on reasonable doubt was unconstitutional.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As these claims were adjudicated in a state court proceeding, we evaluate them under the "difficult to meet" and "highly deferential standard for evaluating state-court rulings," contained in § 2254(d). *See Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012) (internal quotation marks omitted) (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), and *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011)).

Ducros asserts that his lawyers were ineffective because, when they denied him his right to testify, they precluded the jury from hearing mitigating evidence that would have led to a conviction for the lesser offense of manslaughter. The state court's denial of habeas relief on this claim is measured against the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires that Ducros show both deficient performance by counsel and resulting prejudice. *See Clark*, 673 F.3d at 417-18. A failure to establish either prong defeats the claim. *Strickland,* 466 U.S. at 697. Ducros has the burden of proof. *See Clark*, 673 F.3d at 416. Under *Strickland*'s deferential standard, we must "affirmatively entertain the range of possible reasons counsel may have had for proceeding as they did." *Pinholster*, 131 S. Ct. at 1407.

Ducros's reliance on the documents he submitted in his objections to the magistrate judge's report and his assertion that he was entitled to an evidentiary hearing are misplaced. Our review is "'limited to the record that was before the state court that adjudicated the claim on the merits.'" *Rabe v. Thaler*, 649 F.3d 305, 308-09 (5th Cir. 2011) (quoting *Pinholster*, 131 S. Ct. at 1398). Nothing in the state record supports Ducros's assertion that he made his desire to testify known to his counsel. Further, the state habeas court could have concluded that counsel reasonably dissuaded Ducros from testifying. *See Clark*, 673 F.3d at 421. As Ducros thus fails to meet his burden of showing ineffective assistance of counsel, and he is not entitled to federal habeas relief on this claim. *See Richter*, 131 S. Ct. at 786.

No. 11-30574

Ducros also claims that the trial court's instruction on reasonable doubt was unconstitutional. As asserted, Ducros's challenges do not entitle him to habeas relief. *See Victor v. Nebraska*, 511 U.S. 1, 16, 20 (1994); *Williams v. Cain*, 229 F.3d 468, 477 (5th Cir. 2000).

The district court's denial of Ducros's petition is AFFIRMED.