# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2012

Lyle W. Cayce
Clerk

No. 11-41093
Summary Calendar

DEAMUS TROY CASTERLINE,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-164

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Deamus Troy Casterline, Texas prisoner # 399472, appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. This court granted a certificate of appealability (COA) to determine if the district court erred in denying Casterline's claims that (1) the Texas Court of Criminal Appeals' (TCCA) decision in *Ex parte Franks*, 71 S.W.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

327, 328 (Tex. Crim. App. 2001), gives rise to Due Process implications in light of the Supreme Court's holding in *Rogers v. Tennessee*, 532 U.S. 451 (2001), and (2) there are Ex Post Facto implications to the state's policy, adopted after the commission of Casterline's offense, of keeping violent offenders in prison longer in order to receive federal funds under the Violent Offender Incarceration/Truth-in-Sentencing Act.

Casterline has moved to strike those portions of his opening and reply briefs that raise Ex Post Facto claims based on the state's receipt of funding under the Truth-in-Sentencing Act. That motion is granted. He has also filed a motion seeking leave to file a supplemental brief discussing a recent Third Circuit case, and he has discussed that case in a letter filed pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure. The motion for leave to file a supplemental brief is denied. Finally, he has filed two motions requesting that this court take judicial notice of certain legislative histories and bill analyses. These motions are denied as unnecessary. *See United States v. Schmitt*, 748 F.2d 249, 255 (5th Cir. 1984).

On appeal from the denial of a § 2254 petition, this court reviews the district court's factual findings for clear error and its legal conclusions de novo, applying the same standard of review that was applicable to the district court's review of the state court decision. *Rabe v. Thaler*, 649 F.3d 305, 308 (5th Cir. 2011). A federal court may not grant habeas relief on claims adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d).

The December 1984 murder for which Casterline was convicted garnered him a sentence of life imprisonment. At the time Casterline committed his offense in 1984, he was eligible for release to mandatory supervision. *See*

*Franks*, 71 S.W.3d at 327-28. In 2001, the TCCA held in *Franks* that "a life sentenced inmate is not eligible for release to mandatory supervision" under the pertinent statute. *Id.* at 327. The holding in *Franks* was based on the conclusion that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id.* at 328. Casterline maintains that the *Franks* decision was unexpected and indefensible and deprived him of fair warning of the punishment for his offense.

"[A] judicial alteration of a common law doctrine of criminal law violates the principle of fair warning, and hence must not be given retroactive effect, only where it is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.'" *Rogers*, 532 U.S. at 462 (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)). The Court in *Rogers* explained that the fair warning concept inherent in the Due Process Clause relates to "the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Rogers*, 532 U.S. at 459. There is no Supreme Court case, however, applying *Rogers* and *Bouie* to judicial interpretations of parole or mandatory supervised release statutes like that involved in the instant case. In other words, there is no clearly established federal law, as determined by the Supreme Court, stating that a retroactive judicial interpretation effecting a change in sentencing, parole, probation, or mandatory supervised release law that disadvantages a prisoner gives rise to a Due Process violation. Accordingly, the state court's denial of Casterline's Due Process claim assailing *Franks* cannot have been contrary to such law or an unreasonable application of such law. *See* § 2254(d)(1).

Next, Casterline argues that the July 2008 decision of the Texas Board of Pardons and Parole denying him parole was based on parole policies, put in place after his conviction, that aimed to have violent offenders serve higher percentages of their sentences before being released on parole. He contends that

the state adopted these policies to obtain funding under the Violent Offender Incarceration Act.

"One function of the *Ex Post Facto Clause* is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000).  Retroactive changes to parole laws may, in some cases, violate this precept.  *Id.* at 250.  The inquiry is whether the change in law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes."  *Id.* (internal quotation marks and citation omitted).  However, a new procedure that creates only a speculative and attenuated risk of increasing the measure of punishment does not violate the Ex Post Facto Clause.  *California Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995); *Hallmark v. Johnson*, 118 F.3d 1073, 1078 (5th Cir. 1997).

Evidence produced by Casterline shows that, in the 1990s and 2000s, there was a statistical trend of violent offenders serving higher percentages of their sentences prior to being released on parole.  But these statistical trends are not evidence that any new parole policies resulted in a risk of increased risk of confinement as to him.  *See Wallace v. Quarterman*, 516 F.3d 351, 356 (5th Cir. 2008).  None of the papers or reports relied upon by Casterline shows that he would have been granted parole earlier had the purported new parole policies not been implemented.  *See Morales*, 514 U.S. at 508-10.  Accordingly, the state court's denial of Casterline's Ex Post Facto claim was not contrary to or an unreasonable application of the law as stated in *Garner* and *Morales*.  *See* § 2254(d)(1).

AFFIRMED; MOTION TO STRIKE GRANTED; ALL OTHER OUTSTANDING MOTIONS DENIED.