**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2012

No. 11-30847

Lyle W. Cayce
Clerk

BILLY RAY ROBINSON,

Petitioner - Appellant

v.

STEVE RADER; STATE OF LOUISIANA,

Respondents - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-00096

Before WIENER, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

Billy Ray Robinson appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We AFFIRM.

## FACTS AND PROCEEDINGS

Robinson is currently incarcerated after having been convicted of a bank robbery that was committed by a man in Jena, Louisiana, at approximately 12:15 p.m. on July 23, 2003. Bank tellers described the robber as wearing a stocking over most of his face and as having distinctive white beads at the end

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30847

of braids in his hair. Some of the money stolen by the robber was "bait money" consisting of $20 bills whose serial numbers had been recorded to allow the authorities to track them in the event of a robbery. The day after the robbery, Robinson's brother Eddie was caught at a local Wal-Mart making a purchase with some of these bait $20 bills. Wal-Mart employees then discovered that additional bait $20 bills had been used to make a purchase on the day of the robbery, July 23.

Eddie was detained and questioned by the police, and a search of his residence uncovered a Wal-Mart receipt from 1:41 p.m. on July 23 along with photographs of Eddie and Robinson. Because Robinson's hairstyle in the picture resembled that of the robber's as described by the bank tellers, police began to consider him as a suspect, and he was eventually arrested and charged with having committed an armed robbery and having conspired to commit an armed robbery.

Eddie testified that he had been at home on July 23 while the robbery was occurring and that he had received the bait money from Robinson on the day of the robbery. Eddie's mother's boyfriend, with whom Eddie lived, testified in support of Eddie's alibi and also testified that he had gone to Wal-Mart with Robinson on July 23 and that, while there, Robinson had enlarged a photograph. A Wal-Mart employee testified that she had assisted Robinson with enlarging a photograph in the early afternoon of July 23, shortly after the robbery occurred, that Robinson had purchased among other items two photograph reprints, that Robinson had paid for his purchases with $20 bills, and that she recalled him specifically because she had a conversation with him at the time about recognizing him from his job at Popeye's. She also identified him as having "white on the ends of" his braided hair.

After hearing the evidence, a jury found Robinson guilty, and he was sentenced to 40 years' hard labor without benefit of probation, parole, or

2

suspension of sentence.  Robinson appealed his conviction and sentence, arguing that the evidence was insufficient to support his conviction and that the sentence imposed was excessive, but the Court of Appeal of Louisiana affirmed the trial court's judgment.  *State v. Robinson*, 918 So.2d 1151, 1157 (La. Ct. App. 2005). Robinson then filed a motion for post-conviction relief with his trial court, alleging ineffective assistance of counsel on the ground that his counsel had not properly cross-examined Eddie.  The trial court denied the motion, finding that any additional testimony that Robinson's attorney could have elicited would have been unhelpful to his case and holding that Robinson's attorney was "effective in his representation and well within the ambit of reasonable trial strategy."

On January 4, 2011, Robinson, proceeding *pro se*, filed the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus, raising three grounds for relief: (1) that his constitutional rights were violated when the State allowed Eddie to testify falsely that he had not made an agreement with the State to testify in return for the State's promise to drop charges against him; (2) that his counsel had provided ineffective assistance in that he failed to cross-examine Eddie properly and that he failed to subpoena a Wal-Mart employee to testify as to Eddie's hairstyle, which he alleged matched that of the robber; and (3) that the evidence presented at trial was insufficient to support his conviction.

The district court denied and dismissed Robinson's petition, adopting the magistrate judge's report and recommendation, which held: (1) that Robinson had failed to show that Eddie's false testimony was material; (2) that Robinson had failed to show actual prejudice in his counsel's failure to cross-examine Eddie further and that he had failed to show that the Wal-Mart employee's testimony would have been favorable or material; and (3) that, viewing the evidence in the light most favorable to the verdict, Robinson's conviction was supported by sufficient evidence.  Additionally, in its order adopting the report

and recommendation, the district court noted approvingly the findings in the state trial court's ruling on Robinson's motion for post-conviction relief. Robinson then filed a motion for a certificate of appealability, which the district court denied. Robinson timely appealed, moving this court for a certificate of appealability, which we granted in part with respect to his evidentiary insufficiency claim only.

## STANDARD OF REVIEW

In considering an appeal from a district court's denial of a petition for a writ of habeas corpus, "we review that court's findings of fact for clear error and its conclusions of law de novo." *Rabe v. Thaler*, 649 F.3d 305, 308 (5th Cir. 2011). "Under section 2254, habeas relief 'on a claim of insufficient evidence is appropriate only if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005) (quoting *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996)). "[A] federal habeas corpus court faced with a record . . . that supports conflicting inferences must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)

## DISCUSSION

Robinson argues that no reasonable jury could have found him guilty based on the evidence presented at trial. We disagree. Considering the evidence in the light most favorable to the verdict, a reasonable jury could have concluded that Robinson's hair style as witnessed at Wal-Mart on the day of the robbery was similar to or the same as the hair style of the bank robber; that Robinson gave bait money stolen in the robbery to Eddie on the day of the robbery; that Robinson made a purchase at Wal-Mart on the same day that both the robbery occurred and bait money first appeared at Wal-Mart; and that Robinson's purchase at Wal-Mart had been made using the same denomination currency as

No. 11-30847

the bait money.  While "[t]he evidence against [Robinson] is not overwhelming . . . we believe it sufficient when assessed under the relevant standard of review."  *United States v. Whitmire*, 595 F.2d 1303, 1316 (5th Cir. 1979). Therefore, Robinson's evidentiary insufficiency claim does not entitle him to habeas relief.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.