# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40103
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2017

Lyle W. Cayce
Clerk

SCOTT LESLIE CARMELL,

Petitioner—Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent—Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-681

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Scott Leslie Carmell, Texas prisoner # 777548, was convicted of 15 counts of sexual offenses against his stepdaughter that included eight counts of indecency with a child, five counts of sexual assault, and two counts of aggravated sexual assault. He was sentenced to 13 concurrent 20-year terms of imprisonment on the indecency and sexual assault convictions, and he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to two terms of life imprisonment for the aggravated sexual assault convictions.    Carmell's convictions and sentences were affirmed on direct appeal, *Carmell v. State*, 963 S.W.2d 833, 834-35 (Tex. App.—Fort Worth 1998) (per curiam) (*Carmell I*), but the case was remanded by the Supreme Court on certain counts.  *Carmell v. Texas*, 529 U.S 513, 516-53 (2000) (*Carmell II*).  On appeal after remand, his convictions and sentences were again affirmed.  *Carmell v. State*, 26 S.W.3d 726, 728 (Tex. App.—Fort Worth 2000) (per curiam) (*Carmell III*).

On his initial 28 U.S.C. § 2254 application, Carmell was granted relief in the form of an out-of-time appeal.  *Carmell v. Quarterman*, 292 F. App'x 317, 330 (5th Cir. 2008) (per curiam) (*Carmell IV*).  His conviction and sentence were again affirmed by the state appellate court.  *Carmell v. State*, 331 S.W.3d 450, 455-56 (Tex. App.—Fort Worth 2010) (*Carmell V*).

Carmell then filed the instant § 2254 application.  The district court denied relief, but a certificate of appealability was granted on Carmell's claims of ineffective assistance of appellate counsel and his related claim that the district court erred in denying his discovery request.

We "review the district court's findings of fact for clear error and review its conclusions of law *de novo*, applying the same standard of review to the state court's decision as the district court." *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).

Carmell argues that appellate counsel was ineffective.  Specifically, he contends that counsel failed to challenge the lack of jurisdiction in the trial court, the excessiveness of his life sentences, the alleged perjury of the victim,

the withholding of impeachment evidence by the prosecution, and the cumulative error that affected the trial.  He also argues that appellate counsel was deficient for failing to argue that trial counsel was ineffective.  Carmell asserts that counsel should have argued on appeal that trial counsel was ineffective for failing to investigate and interview witnesses, failing to preserve a vagueness challenge to Texas Penal Code section 22.021, failing to inform the court that Carmell was eligible to be tried under a second degree statute, failing to object to the introduction of a misdemeanor conviction during the penalty phase, and failing to challenge the trial court's jurisdiction.

To establish ineffective assistance of counsel, a defendant must show that counsel performed deficiently and that he was prejudiced by counsel's performance.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The *Strickland* standard applies to allegations of ineffective assistance of appellate counsel.  *Amador v. Quarterman*, 458 F.3d 397, 411 (5th Cir. 2006).  To establish that appellate counsel's performance was deficient, the applicant must show that counsel was objectively unreasonable in failing to find arguable issues to appeal.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  If the petitioner makes such a showing, he must establish actual prejudice by demonstrating a "reasonable probability" that he would have prevailed on appeal but for counsel's deficient performance.  *Id.*  Review of the state court's application of the *Strickland* standard is "doubly" deferential when § 2254(d) applies, as it does in this case.  *See Richter*, 562 U.S. at 105.

Carmell fails to show that the state court's ruling denying relief on his claims of ineffective assistance of appellate counsel "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103.  Accordingly, the state court's decision that appellate counsel was

not ineffective was not contrary to or an unreasonable application of clearly established federal law, and the district court did not err in denying Carmell § 2254 relief. *See* § 2254(d)(1).

Regarding Carmell's assertion that the district court erred in denying his discovery request, his argument that the requested documents could support his claims is speculative. *See Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). Moreover, "federal review of a state prisoner's habeas claim is limited to the record that was before the state court that adjudicated the claim on the merits." *Rabe v. Thaler*, 649 F.3d 305, 308-09 (5th Cir. 2011) (internal quotation marks and citation omitted). Thus, Carmell fails to show that the district court abused its discretion in denying his discovery request. *See Clark v. Johnson*, 202 F.3d 760, 765-66 (5th Cir. 2000).

The judgment of the district court is AFFIRMED. Carmell's motion for summary judgment is DENIED.