# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31169

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2020

Lyle W. Cayce
Clerk

JOSEPH D. BLUEFORD,

> Petitioner - Appellant

v.

TIMOTHY HOOPER, Warden, Elayn Hunt Correctional Center,

> Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:17-CV-639

Before HIGGINBOTHAM, JONES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

In 2012, a Louisiana jury convicted Petitioner Joseph D. Blueford of aggravated battery and possession of a firearm by a convicted felon. Both convictions were affirmed on appeal. After being denied habeas relief in state court, Blueford filed a federal habeas petition pursuant to 28 U.S.C. § 2254(d), challenging his convictions on Sixth Amendment grounds. The district court denied Blueford's petition and issued a certificate of appealability. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31169

## BACKGROUND

During jury deliberations in Blueford's trial, the foreman submitted a note to the court, stating that another juror, Helen Massey, "has not heard and has not understood anything that was said in trial and she is wondering what to do." After conferencing with state counsel and Blueford's attorney, George Britton, the state court declined to remove Massey from the jury. Britton neither objected to Massey's remaining on the jury nor sought a hearing to explore Massey's competence. The jury returned 10-2 guilty verdicts on the aggravated battery and possession of a firearm counts and an 11-1 verdict of acquittal on a separate attempted murder count. Massey voted in the majority on all three ballots. As a fourth-felony offender, Blueford received a life sentence of hard labor for the aggravated battery conviction and a concurrent sixty-five-year sentence of hard labor for the felon in possession conviction.

In the state habeas proceedings, Blueford argued that his Sixth Amendment right to counsel was violated when Britton "failed to object to Ms. Massey remaining on the jury and returning a verdict when she had not heard or understood the evidence." He also argued that the state trial court violated his Sixth Amendment right to an impartial jury when it allowed Massey to remain on the jury despite the note complaining Massey had not heard the trial testimony. After reviewing the record, the state court made the following factual findings and denied both of Blueford's claims:

> At the outset of voir dire, the Court specifically directed the venire that they should inform the Court if they did not hear a question or response so that it could be repeated. The Court further asked if any were incapable of serving because of a mental or physical infirmity. Each member indicated he or she met this qualification. At no time during the trial had there been any indication that Ms. Massey was having difficulty hearing or understanding the proceedings.

2

No. 18-31169

> The note after deliberations had begun was the first indication of a possible problem.  Mr. Britton is a seasoned criminal defense attorney who zealously and competently represented Petitioner at all stages of this trial.  He knew from questioning during voir dire that Ms. Massey had served on another criminal jury in the past and that the previous jury had acquitted the defendant because it found the State had failed to carry its burden of proof.  After consulting with Petitioner, Mr. Britton made the strategic decision to allow deliberations to proceed without objection because he obviously wanted Ms. Massey to take part.

On May 15, 2017, Blueford filed the instant petition raising the same claims.  The district court assigned the petition to a magistrate judge (the "MJ") who held an evidentiary hearing on the matter, during which Britton testified.  Relying largely on that testimony, on October 16, 2018, the MJ issued a report and recommendation that Blueford be granted relief on both claims.  The district court rejected the MJ's recommendation and denied Blueford relief, but it issued a certificate of appealability on both claims.  Blueford timely appealed.[1]

## STANDARD OF REVIEW

"In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court." *McCamey v. Epps*, 658 F.3d 491, 496 (5th Cir. 2011) (quoting *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006)).  Under the Antiterrorism and Effective Death Penalty Act, habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the state court adjudication (1) "resulted in a decision that was contrary to, or involved

---

[1] Respondent Timothy Hooper did not file a brief in response to Blueford's opening brief.

an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). This "highly deferential standard . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 360 (2002). To obtain relief, a habeas petitioner must show "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98, 131 S. Ct. 770, 784 (2011).

## DISCUSSION

Blueford reiterates the same two claims. As a threshold matter, because Blueford relies heavily on testimony from the MJ's hearing, we must first consider whether that hearing was proper.

A. The Evidentiary Hearing

When a state court adjudicates a habeas claim on the merits, federal review of the claim is limited to the record that was before the state court. *Rabe v. Thaler*, 649 F.3d 305, 308–09 (5th Cir. 2011). In such cases, "evidence introduced in federal court *has no bearing*" on Section 2254(d) review. *Id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398 (2011)). The MJ found an evidentiary hearing was justified because "the state court did not hold a hearing or make findings of fact on Blueford's claim that his Sixth Amendment right to effective assistance of counsel was violated." That is not the standard. The pertinent question is whether the state court adjudicated Blueford's claims on the merits. The state court considered both claims, made factual findings as to those claims, and, in a reasoned opinion, denied them both on the merits. Thus, in reviewing Blueford's habeas petition, federal courts may not hold evidentiary hearings outside the strict purview of AEDPA,

nor may we consider any of the evidence, including Britton's testimony, obtained during the federal evidentiary hearing.

B.     Ineffective Assistance of Counsel

Blueford argues he was denied effective assistance of counsel when Britton failed to challenge Massey's presence on the jury. An ineffective assistance of counsel claim requires a showing that (1) counsel's performance was legally deficient; and (2) the deficiency prejudiced the defense. *United States v. Bernard*, 762 F.3d 467, 471 (5th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 688, 687, 104 S. Ct. 2052, 2064 (1984)). "As to the first prong, the proper standard for evaluating counsel's performance is that of reasonably effective assistance, considering all of the circumstances existing as of the time of counsel's conduct." *Id.* Deficient performance is that which falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064.

In making this determination, we are highly deferential to counsel's performance. *Id.* "Recognizing the 'temptation for a defendant to second-guess counsel's assistance after conviction or adverse sentence'" the Supreme Court has cautioned that "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 690, 103 S. Ct. at 2052). And the combined standards of review under *Strickland* and Section 2254(d) are "doubly deferential." *Pinholster*, 563 U.S. at 190, 131 S. Ct. at 1403. Under Section 2254(d), "the question is not whether counsel's actions were reasonable"; the question is "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105, 131 S. Ct. at 788.

The district court held that the state court reasonably found Britton's performance was not deficient because Britton's decision not to seek Massey's removal was strategic.  In reviewing such tactical trial decisions, we are required "not simply to give [counsel] the benefit of the doubt . . . but to affirmatively entertain the range of possible reasons [he] may have for proceeding as [he] did." *Feldman v. Thaler*, 695 F.3d 372, 380 (5th Cir. 2012).

After receiving the foreman's note, Britton could have challenged Massey's presence on the jury, but in doing so, Britton risked losing a potentially favorable juror.  As Blueford acknowledges, the choice was something of a double-edged sword.  Massey indicated at voir dire that she had previously served on another criminal jury that had acquitted a defendant.  She also denied that she had any mental or physical infirmity that would render her incapable of jury service, and, aside from the foreman's note, there was no evidence that she had difficulty hearing during trial.  Of course, as hindsight has now proven, there was also no guarantee that Massey would vote to acquit, although she did just that on the attempted murder count.

Faced with this choice, Britton concluded that the best option for Blueford was not to challenge Massey's presence on the jury.  The state court found that was a reasonable decision, and we decline to hold otherwise.  *See Mann v. Scott*, 41 F.3d 968, 984 (5th Cir. 1994) (recognizing that strategic decisions with double-edged consequences are "granted a heavy measure of deference in a subsequent habeas corpus attack, and "[u]nder an objective standard of reasonableness, such . . . tactical decision[s] do[] not constitute deficient performance."); *see also St. Aubin v. Quarterman*, 470 F.3d 1096, 1103 (5th Cir. 2006).  Regardless how Britton's decision panned out, the state court

had a reasonable basis for concluding that Britton was not ineffective for making it.[2]

C.    State Court Error

Blueford argues perfunctorily that the state court violated his Sixth Amendment right to an impartial jury when it allowed Massey to remain on the jury after receiving the foreman's note.  In denying Blueford habeas relief on this claim, the state court discredited the note based on Massey's affirmations during voir dire and the fact that "at no time during the trial had there been any indication that Ms. Massey was having difficulty hearing or understanding the proceedings."  Blueford offers no evidence to controvert the state court's findings, which must be presumed correct.  *See* 28 U.S.C. § 2254(e)(1).    Significant evidence indicating that Massey was competent to serve on the jury could reasonably be seen as outweighing the foreman's note.  We cannot conclude that the state courts unreasonably applied the law to the facts.

For the foregoing reasons, the judgment of the district court denying habeas relief is **AFFIRMED**.

---

[2] Because the state courts reasonably concluded that Britton's performance was not deficient, we need not address *Strickland's* prejudice prong.  *Leal v. Dretke,* 428 F.3d 542, 548 (5th Cir. 2005).