# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2008

Charles R. Fulbruge III
Clerk

No. 05-31015

ELRICK J. GALLOW,

Petitioner–Appellant,

v.

LYNN COOPER, Warden, Avoyelles Parish Correctional Center,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CV-1905

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Elrick J. Gallow appeals the district court's dismissal of his petition for habeas corpus as barred by the one-year limitations period of the Antiterrorism and Effective Death Penalty Act (AEDPA).[1] We conclude that Gallow's motions to withdraw his guilty plea were properly filed as post-conviction motions. However, we cannot determine from the record before us the length of time these motions remained pending. Accordingly, we vacate and remand for further findings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 28 U.S.C. § 2244(d).

I

On November 23, 1999, Gallow pleaded guilty in Louisiana state court to one count of second-degree kidnapping and one count of second-degree battery. According to Gallow, after the victim took the stand to testify, his counsel refused to proceed with any form of defense and forced him to enter a guilty plea or "run the risk of proceeding without effective assistance of counsel." In accordance with the terms of his plea agreement, Gallow was sentenced to serve concurrent sentences of thirty years and fifteen years. At the time of Gallow's conviction, the applicable Louisiana statute provided that a "motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken."[2] Therefore, the magistrate judge determined that the November 23, 1999 judgment became final no later than December 3, 1999.[3]

On February 18, 2000, September 1, 2000, and September 6, 2000, Gallow filed a "Motion to Withdraw Guilty Plea" in Louisiana trial court. Gallow did not produce copies of these pleadings to the district court in the habeas corpus proceedings, but the magistrate judge "assumed that [Gallow] raised a single claim for relief through these proceedings—ineffective assistance of counsel (conflict of interest) which resulted in an involuntary guilty plea."

On August 29, 2001, and October 15, 2001, Gallow filed an "Application for Post-Conviction Relief" in Louisiana trial court. The trial court explicitly denied these applications for post-conviction relief on November 16, 2001. On

---

[2] LA. CODE CRIM. PROC. ANN. art. 914 (1997).

[3] See LA. CODE CRIM. PROC. ANN. art. 13 (2003) (stating that, in computing a period of time, legal holidays, such as Thanksgiving, are not to be included in the calculation when the period is less than seven days).

November 26, 2001, Gallow filed a "Motion and Order for an Appeal," requesting reconsideration of the trial court's decision. The trial court denied this motion on March 25, 2002, on the ground that Gallow failed to pay the filing fee for this appeal as required by Louisiana Code of Criminal Procedure article 914.1(2). The district court granted leave to appeal the March 25, 2002 decision on the condition that Gallow pay the costs for the appeal. The district court dismissed Gallow's appeal on May 6, 2002, for failure to pay the appeal costs.

On July 30, 2002, Gallow filed a "Petition for Supervisory Writ of Review" in the Louisiana Third Circuit Court of Appeal. The Third Circuit denied Gallow's petition on May 8, 2003. Gallow then applied to the Louisiana Supreme Court for "Supervisory or Remedial Writs" on August 1, 2003. The Louisiana Supreme Court denied Gallow's application on August 20, 2004.

On September 14, 2004, Gallow filed his federal habeas corpus petition. The magistrate judge recommended dismissing the petition as time barred under AEDPA's one-year limitations period on the ground that Gallow's motions to withdraw his guilty plea were not properly filed. The district court accepted the magistrate judge's recommendations and dismissed the petition. We review an order dismissing a habeas petition as time barred under AEDPA de novo.[4]

II

AEDPA establishes a one-year statute of limitations for filing a federal habeas corpus petition that begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[5] AEDPA's limitations period is tolled, however, while "a

---

[4] Starns v. Andrews, 524 F.3d 612, 617 (5th Cir. 2008).

[5] 28 U.S.C. § 2244(d)(1)(A).

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[6]

## A

The United States Supreme Court has held that "a petition filed after a time limit, and which does not fit within any exceptions to that limit" is not properly filed.[7] The State argues that Gallow's motions to withdraw his guilty plea, filed after sentencing, do not toll the limitations period because they were untimely filed under Louisiana Code of Criminal Procedure article 559(A).[8]

In State ex rel. Clark v. Marullo, the Louisiana Supreme Court held that a trial court may set aside a guilty plea after sentencing when the facts surrounding the guilty plea render it constitutionally deficient.[9] According to the Marullo court, a motion to withdraw a guilty plea filed after sentencing can be properly adjudicated as a petition for habeas corpus.[10] The Louisiana Supreme Court has further held that article 559 "is inapplicable" when a defendant files a motion to withdraw a guilty plea after sentencing and constitutional infirmity is alleged.[11]

---

[6] § 2244(d)(2).

[7] Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).

[8] LA. CODE CRIM. PROC. ANN. art. 559(A) (2003) ("The court may permit a plea of guilty to be withdrawn at any time before sentence.").

[9] 352 So. 2d 223, 227 (La. 1977).

[10] See id. ("In light of [Louisiana Code of Criminal Procedure article 2] it would not be reasonable to hold that a motion [to withdraw a guilty plea] may not be heard and relief granted merely because it is not labeled 'habeas corpus.'").

[11] State v. Smith, 406 So. 2d 1314, 1316 (La. 1981) (holding that a trial court adjudicating a motion to withdraw a guilty plea after sentencing is "acting pursuant to its post

Based on controlling Louisiana Supreme Court precedent, we conclude that a motion to withdraw a guilty plea filed after sentencing in the convicting trial court can be considered properly filed as a post-conviction motion and can commence tolling the one-year statute of limitations on the date filed.

B

Gallow argues that his plea withdrawal motions tolled the limitations period from the filing of his first motion to withdraw his guilty plea on February 18, 2000, until August 20, 2004, when the Louisiana Supreme Court denied his application for supervisory or remedial writs. However, the record is unclear in this regard.

On September 1, 2000, Gallow filed a motion to withdraw his guilty plea in Louisiana trial court claiming ineffective assistance, a claim Gallow reasserted in his August 29, 2001 and October 15, 2001 applications for post-conviction relief. On November 15-16, 2001, the trial court conducted a hearing; the minutes indicated that the hearing concerned an application for post-conviction relief and a motion to withdraw the guilty plea. However, the minute order does not describe whether all of Gallow's motions to withdraw his guilty plea were before the court. Further, the court's written judgment on November 16, 2001, states only that "[t]his matter came up . . . for hearing on both of defendant's Applications for Post Conviction Relief" and that "both of defendant's Applications for Post Conviction Relief are hereby denied with prejudice." It is unclear whether the trial court's November 16, 2001 judgment also adjudicates Gallow's motions to withdraw his guilty plea. The record is also unclear as to

---

conviction jurisdiction").

whether there is a prior or subsequent disposition of Gallow's motions to withdraw his guilty plea.

We therefore remand for consideration of the length of time that Gallow's motions to withdraw guilty plea were pending, whether any were successive, and consideration of any further issues regarding these or other filings, dispositions or matters that bear on the timeliness of Gallow's § 2254 application.

\*    \*    \*

VACATED and REMANDED.