**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 24, 2012

Lyle W. Cayce
Clerk

No. 10-30861

ELRICK J. GALLOW,

Petitioner–Appellant,

v.

LYNN COOPER, Warden Avoyelles Parish Correctional Center,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CV-1905

Before DAVIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Elrick J. Gallow appeals the district court's dismissal with prejudice of his application for a writ of habeas corpus. This court granted a certificate of appealability (COA) to determine if the district court erred in denying Gallow's ineffective-assistance-of-counsel claim and in denying an evidentiary hearing on his ineffective-assistance claim. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30861

**I**

Gallow was indicted for aggravated second-degree battery, armed robbery, and second-degree kidnapping in Louisiana. Gallow retained Ahmad Muhammad and Dele Adebamiji as counsel, but only Muhammad was present in court during the two-day trial. On November 23, 1999, during the second day of Gallow's trial, Gallow pleaded guilty, pursuant to a plea agreement, to the battery and kidnapping charges and was sentenced to concurrent terms of thirty years and fifteen years of imprisonment.

On February 18, 2000, Gallow, through his counsel, Adebamiji, filed a Motion to Withdraw Guilty Plea. An affidavit by Muhammad was attached to the February motion, which indicated that Muhammad provided ineffective assistance of counsel because he operated under a conflict of interest and suffered from psychological problems during his representation of Gallow. Although the motion and affidavit do not appear in the state court record and Gallow originally was unable to produce a copy of the motion or the original affidavit, Gallow produced a "Docket History" prepared by the Clerk of Court, which confirms that Gallow filed a Motion to Withdraw in state court on February 18, 2000. Additionally, state court transcripts suggest that the state court and prosecutor had access to the affidavit at some point. There is also a note addressed to Gallow from the Clerk of Court for the Thirteenth Judicial District of Louisiana acknowledging that the clerk received the filing but indicating that it was sent to the District Attorney's office and "for some reason the motion was not returned to [the clerk's] original file." Gallow later filed, in both state and federal district court, an October 2006 affidavit by Muhammad that is similar in form and substance to Muhammad's missing affidavit.

According to Muhammad's October 2006 affidavit, Muhammad was suffering from emotional and psychological problems during Gallow's trial and was later diagnosed with depression, anxiety disorder, and post-traumatic stress

2

disorder. At the time of Gallow's trial, Muhammad was no longer practicing law because of these mental health issues, but he agreed to represent Gallow because he was "led to believe the State would offer a plea bargain." Muhammad admits he was unable to effectively cross-examine the victim because he was suffering from panic attacks and, more importantly, is related to the victim. Because of this, Muhammad advised Gallow to plead guilty despite Gallow's reluctance to do so, and failed to inform both Gallow and the State that he had evidence to impeach the victim's testimony.

On September 1, 2000, Gallow filed through Adebamiji a second motion to withdraw his guilty plea, claiming that it was involuntary due to Muhammad's ineffective assistance of counsel. Gallow elaborated that Muhammad has a familial relationship with the victim and the victim's mother and refused to continue with a defense at trial after the victim was called to testify, but instead improperly advised Gallow to plead guilty. Muhammad's affidavit was not attached to this motion.

On October 5, 2000, a hearing was convened on Gallow's motions. However, when Adebamiji failed to take the appropriate actions to have Gallow or Muhammad brought to court for the hearing, the hearing was continued until December 1, 2000. Before the December hearing, Adebamiji requested a continuance so that he could take a personal trip, and the state court denied this motion. On December 1, when neither Gallow nor Adebamiji appeared, the state trial court granted the State's oral motion to pass the matter without date.

On August 29, 2001 and October 15, 2001, Adebamiji filed applications on Gallow's behalf for post-conviction relief in Louisiana trial court. These pleadings raised the same claims contained in the previously filed motions to withdraw Gallow's guilty plea. At a hearing on November 15, 2001, Adebamiji again failed to produce Muhammad and admitted that he did not issue a subpoena for Muhammad. The state trial court recessed the hearing for one day,

No. 10-30861

but when Adebamiji yet again failed to produce Muhammad, the court denied both applications. While Muhammad's original affidavit is no longer in the state court record, the judge and parties referenced an affidavit by Muhammad during this hearing. However, the State objected to the admission of the affidavit as evidence in lieu of live testimony by Muhammad, which would be subject to cross-examination. The court declined to accept the affidavit as evidence.

On November 26, 2001, Adebamiji filed a "Motion and Order for Appeal" on behalf of Gallow requesting reconsideration of the trial court's decision, which was granted the following day. Gallow filed a pro se application to proceed *in forma pauperis* on appeal, which was denied. Adebamiji then filed a second application for Gallow to proceed *in forma pauperis.* A hearing was convened on March 25, 2002, and Adebamiji appeared on Gallow's behalf. At that hearing, the trial court determined that Gallow was not eligible to proceed *in forma pauperis* and that Gallow had not paid the costs for preparing the hearing transcripts. Accordingly, the motion to proceed *in forma pauperis* was denied, and Gallow's appeal was dismissed for failure to pay costs. Adebamiji filed a notice of appeal of this order. However, at the hearing addressing the appeal, he withdrew his representation of Gallow.

Now proceeding pro se, Gallow filed an "Application for Supervisory Writ of Review" in the Louisiana Third Circuit Court of Appeals, which the Third Circuit denied, stating, "Relator was given an opportunity to present evidence in support of his claims which are not dispositive on the record alone. Relator failed to present evidence, which was subject to cross-examination, to prove his claims." Gallow applied to the Louisiana Supreme Court for "Supervisory or Remedial Writs," which the court denied without comment.[1]

---

[1] *State ex rel. Gallow v. State*, 2003-2310 (La. 8/20/04); 882 So. 2d 576.

No. 10-30861

Gallow raised his ineffective-assistance-of-counsel claim regarding Muhammad on the merits in numerous other state filings, again claiming that Muhammad acted under a conflict of interest and wrongly persuaded Gallow to plead guilty. None of these filings were successful. Despite the numerous motions and hearings, Muhammad has yet to appear as a witness in state court.

In 2001, Gallow filed a motion "to reopen" his application for post-conviction relief, again asserting Muhammad's ineffective assistance. He again sought reopening in a writ application filed in the Louisiana Third Circuit Court of Appeals in 2004. The Third Circuit remanded the matter for disposition in state district court, and Gallow was appointed counsel to represent him in a hearing on the matter. Despite only addressing his claims against Muhammad in his briefing, during the hearing Gallow also faulted Adebamiji, his post-conviction counsel, for failing to secure Muhammad's presence at the original post-conviction hearing. The court attempted to clarify whether Gallow was claiming that his trial counsel or post-conviction counsel was ineffective, and Gallow's appointed counsel stated that it was a claim for ineffective assistance by his post-conviction counsel, Adebamiji. The court denied the application.

On September 16, 2004, Gallow filed the instant federal habeas corpus petition. He asserted two claims for relief: (1) Muhammad's ineffective assistance of counsel at trial, and (2) the denial of his right to compulsory process at a post-trial evidentiary hearing. A United States magistrate judge recommended dismissing the petition as time-barred under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period because Gallow's motions to withdraw his guilty plea were not timely filed in accordance with 28 U.S.C. § 2244(d) and recommended dismissing the compulsory-process claim as having no factual basis. The district court accepted the magistrate judge's recommendations and dismissed the petition.

No. 10-30861

Following the district court's denial of a COA, Gallow appealed to this court, which granted a COA to determine if Gallow's ineffective-assistance-of-counsel claim against Muhammad was tolled pursuant to 28 U.S.C. § 2244(d)(2) during the pendency of Gallow's state-court motions to withdraw his guilty plea. Gallow was denied a COA regarding the district court's dismissal of his compulsory-process claim. On appeal, this court held that his claim was tolled and remanded it for consideration of "the length of time that Gallow's motions to withdraw guilty plea were pending, whether any were successive, and consideration of any further issues regarding these or other filings, dispositions or matters that bear on the timeliness of Gallow's § 2254 application."[2]

On remand, Respondent continued to allege that Gallow's Motions to Withdraw Guilty Plea could not serve to toll limitations because they were untimely pursuant to Louisiana Code of Criminal Procedure Article 559(A).[3] Respondent did, however, admit that Gallow had exhausted his state court remedies for the claims in his § 2254 application.

A magistrate judge prepared another report and recommendation. The report recommended rejecting Respondent's argument that Gallow's petition was time-barred because this court had already rejected that argument. This court determined the motions were properly-filed state post-conviction motions sufficient to toll limitations pursuant to § 2244(d)(2). However, the report recommended that Gallow's ineffective-assistance claim be denied on the merits without an evidentiary hearing. After Gallow objected to the report, the district court independently reviewed the record and adopted the report, dismissing Gallow's application with prejudice and denying a COA.

---

[2] *Gallow v. Cooper*, 301 F. App'x 342, 345 (5th Cir. 2008) (per curiam) (unpublished).

[3] *See* LA. CODE CRIM. PROC. ANN. art. 559(A) (2012) ("The court may permit a plea of guilty to be withdrawn at any time *before* sentence.") (emphasis added).

6

No. 10-30861

This court granted a COA on (1) whether the district court erred in denying Gallow's ineffective-assistance claim pertaining to Muhammad, and (2) whether the district court erred in denying an evidentiary hearing on Gallow's ineffective-assistance claim. The parties were also directed "to brief whether this appeal is affected by any matter that remains pending in state court or that was decided in state court subsequent to the district court's decision." Respondent declined to file any further briefing.

## II

On appeal from the denial of a § 2254 application, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo, "applying the same standard of review to the state court's decision as the district court."[4] The district court's review of the state court's adjudication of a claim is limited by the standards of review provided in § 2254.[5] Under § 2254(e)(1), a state court's determination of a factual issue shall be presumed to be correct unless the applicant rebuts the presumption by clear and convincing evidence.[6] Additionally, pursuant to § 2254(d), federal habeas relief cannot be granted on claims adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"[7] or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[8]

---

[4] *Robertson v. Cain*, 324 F.3d 297, 301 (5th Cir. 2003).

[5] *Williams v. Quarterman*, 551 F.3d 352, 357-58 (5th Cir. 2008).

[6] *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

[7] 28 U.S.C. § 2254(d)(1).

[8] *Id.* § 2254(d)(2).

7

No. 10-30861

The district court determined that § 2254(d) applied to Gallow's ineffective-assistance claim because the state court had adjudicated Gallow's claim on the merits by dismissing it for failure to carry his burden of proof. We agree.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[9]  However, "[t]he presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely."[10]  We have held that whether a state court's decision constitutes an adjudication on the merits for purposes of § 2254(d) depends on whether the state court's disposition was substantive or merely procedural.[11]  To determine this, we apply a three-factor test, which considers:

(1)    what the state courts have done in similar cases;
(2)    whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and
(3)    whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination on the merits.[12]

All three factors do not have to weigh in favor of procedural grounds in order to hold that the decision was procedural.[13]

---

[9] *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).

[10] *Id.* at 785.

[11] *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir. 1999) (per curiam) (citing *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997)).

[12] *Id.* at 274 (quoting *Green*, 116 F.3d at 1121).

[13] *See id.* (holding that despite the third factor not coming into play, the "first and second *Green* factors weigh heavily in favor of our treating the state court denial as a procedural decision").

No. 10-30861

In determining that Gallow's claims were adjudicated on the merits, the district court relied on the Louisiana Court of Appeals' statement that Gallow "was given an opportunity to present evidence in support of his claims which [were] not dispositive on the record alone" and that Gallow "failed to present evidence, which was subject to cross-examination, to prove his claims." Gallow's writ application raised the same claims and was rejected without comment by the Louisiana Supreme Court.[14] When the last state-court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state-court opinion.[15]

Turning to the first factor, we must assess what the Louisiana state courts have done in similar circumstances. Louisiana Code of Criminal Procedure Article 930.2 states that "[t]he petitioner in an application for post conviction relief shall have the burden of proving that relief should be granted."[16] The Louisiana Supreme Court has relied on this provision to determine that a petitioner failed to carry the burden on both the merits of the case[17] and on procedural grounds.[18] Although in Gallow's case the state court did not specifically reference article 930.2, its rationale is consistent with article 930.2—the court held that Gallow failed to carry the "burden of proving that

---

[14] *State ex rel. Gallow v. State*, 2003-2310 (La. 8/20/04); 882 So. 2d 576.

[15] *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

[16] LA. CODE CRIM. PROC. ANN. art. 930.2 (2012).

[17] *See, e.g.*, *State v. LeBlanc*, 2006-0169 (La. 9/15/06); 937 So. 2d 844, 844 (citing article 930.2 after stating that petitioner failed to show he pleaded guilty involuntarily); *State v. Berry*, 430 So. 2d 1005, 1013 (La. 1983) (citing article 930.2 in denying petitioner's claim because petitioner's claim was "unsubstantiated and therefore without merit").

[18] *See, e.g.*, *State v. Russell*, 2004-1622 (La. 11/15/04); 887 So. 2d 462 (relying on article 930.2 when petitioner failed to carry his burden of proof that his post-conviction application was timely filed).

relief should be granted" just as article 930.2 requires, making these cases helpful in determining what the state courts have done in similar circumstances.

In *Woodfox v. Cain*, this court explored whether a ruling based on article 930.2 is a substantive or procedural ruling and held that because there are cases holding that article 930.2 is procedural and cases holding it is substantive, it is not a dispositive indication of whether the case was adjudicated on the merits.[19] However, the two cases *Woodfox* identifies as examples of rulings that apply article 930.2 to deny a claim on substantive grounds are similar to Gallow's—one held that the petitioner failed to show he pleaded guilty involuntarily, and the other denied the petitioner's claim because it was unsubstantiated and thus meritless.[20]

Applying the second factor to Gallow's claim, it appears that the state court at least attempted to adjudicate Gallow's claim on the merits. The court gave Gallow multiple opportunities to present Muhammad and granted continuances to secure his presence. Only after Gallow's counsel repeatedly failed to present Muhammad did the court deny a further continuance and exclude Muhammad's affidavit evidence. Gallow's counsel then refused to litigate the claim, prompting the trial court to dismiss the applications with prejudice. Respondent consistently maintained the position that Gallow's filings alone, including an inadmissable affidavit, did not entitle Gallow to relief. Gallow even concedes that, other than the affidavit, there was no evidence to support his claim.

The third factor, "whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination on the merits" further suggests that the merits of Gallow's claim were considered. The state court found that

---

[19] 609 F.3d 774, 796 (5th Cir. 2010).

[20] *LeBlanc*, 937 So. 2d at 844; *Berry*, 430 So. 2d at 1013.

No. 10-30861

Gallow "was given an opportunity to present evidence in support of his claims which [were] not dispositive on the record alone." This indicates that the court attempted to review the merits of Gallow's case, but as the state court explained, Gallow simply "failed to present evidence, which was subject to cross-examination, to prove his claims."[21]

In light of the above factors and the presumption that in the absence of any indication or state-law procedural principles to the contrary a denial of relief is on the merits, we hold that Gallow's claim was adjudicated on the merits. As Gallow's claim was substantively denied, we need not address Gallow's contention that, based on the Supreme Court's recent decision in *Martinez v. Ryan*,[22] his claim concerning Muhammad is not procedurally defaulted.

### III

Because Gallow's claim was adjudicated on the merits in state court, we apply AEDPA's standard of review set forth in § 2254(d). The federal statute creates a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."[23] Under § 2254(d), a state prisoner must show that the state court's ruling on his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[24] In assessing Gallow's ineffective-assistance claim, the pivotal question under § 2254(d) is whether the state court's application of clearly

---

[21] *See Woodfox*, 609 F.3d at 797 (holding that the state court's statement that it reviewed the record and the State's responses suggested a merit-based adjudication).

[22] 132 S. Ct. 1309 (2012).

[23] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted) (internal quotation marks omitted).

[24] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

established federal law was not only incorrect but objectively unreasonable.[25] "A state court must be granted a deference and latitude that are not in operation when the case involves review under the [federal constitutional standard] itself."[26]

Gallow claims that the district court erred in denying his claim that Muhammad provided ineffective assistance of counsel because Muhammad had a conflict of interest and wrongfully convinced him to plead guilty.  The only evidence Gallow offered to the state court to prove his claim was an affidavit given by Muhammad, which the state court declined to admit into evidence because Muhammad was not available for cross-examination.

Gallow now offers an additional sworn statement given by Muhammad before the Louisiana Attorney Disciplinary Board as well as his recovered initial Motion to Withdraw Guilty Plea and Muhammad's original affidavit. On appeal to this court and now represented by appointed counsel, Gallow filed a Motion to Expand the Record Pursuant to Federal Rule of Appellate Procedure 10(E). He claimed that he has been unable to discover these necessary documents because he has been incarcerated throughout the proceedings in state and federal court, and has never been granted an evidentiary hearing because it was either denied or because his post-conviction counsel failed to subpoena Muhammad to testify.  The motion advocated admitting his initial motion and affidavit because the state court noted it as "lost," and it has since been in the possession of the District Attorney.  This court granted the motion to expand the appellate record.

The expanded record includes an affidavit by Muhammad much like the one discussed above.  It also includes the sworn statement given by Muhammad

---

[25] *Id.* at 785; *Williams v. Taylor*, 529 U.S. 362, 409-11 (2000).

[26] *Richter*, 131 S. Ct. at 785.

to the Disciplinary Board that reveals in detail the extent of his conflict. Muhammad explains that Gallow is his nephew and that the victim is both his and Gallow's cousin. Muhammad admits that while Gallow obviously knew of the familial relationship, he did not explain to Gallow the very close nature of his relationship to the victim's mother. Similarly, he did not inform Gallow of his inability to cross-examine the victim, or that he possessed evidence to impeach the victim on cross-examination.

When asked by the Disciplinary Board why he would not withdraw when such an obvious conflict was present, Muhammad responded that he did not want appointed counsel representing his nephew, and that he thought he could use his position between the parties as an effective tool in reaching a plea bargain. When the parties were unable to reach an agreement, Muhammad felt he had an obligation to try the case. Despite his decision to try the case, Muhammad admitted to being "really hurt by what [Gallow] had done." Muhammad testified that things he learned about Gallow after agreeing to represent him created "another conflict because of my religious beliefs" and "part of me felt that [Gallow] should have been punished for a lot of things he had done in the past and gotten away with" and "I became his, 'Judgor' instead of his counsel."

Despite being represented by retained counsel throughout the majority of his state court proceedings, Gallow repeatedly failed to present this evidence to the state court. Adebamiji did not take the proper steps to subpoena Muhammad, nor did he attempt to present evidence of the familial relationship between the parties through other family members or even through Gallow himself. Instead, at every opportunity, both Gallow and his counsel maintained the position that without Muhammad's testimony, they could not present evidence of his ineffective assistance.

No. 10-30861

The Supreme Court recently held in *Cullen v. Pinholster* that in granting or denying an application for a writ of habeas corpus on behalf of a state prisoner, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."[27] This is because "[s]tate-court decisions are measured against [the Supreme Court's] precedents as of 'the time the state court renders its decision.'"[28] "It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court."[29] Thus, neither the district court nor this court are permitted to consider any evidence presented for the first time in federal court in determining whether Gallow has met the standard under § 2254(d)(1).[30]

This means we cannot consider either of Muhammad's affidavits. Although Gallow filed Muhammad's affidavit in state court, the state court rejected it on evidentiary grounds. "[F]ederal courts sitting in habeas do not review state courts' application of state evidence law."[31] A federal court may only review a state court's application of state evidence rules to determine if it violated a constitutional right.[32] Gallow has never made a constitutional challenge to the state court's evidentiary ruling; thus, we cannot consider the affidavit as evidence. We recognize that the district court considered this

[27] 131 S. Ct. at 1400.

[28] *Id.* at 1399 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)).

[29] *Id.*

[30] *Id.* at 1401; *Rabe v. Thaler*, 649 F.3d 305, 309 (5th Cir. 2011).

[31] *Jones v. Cain*, 600 F.3d 527, 536 (5th Cir. 2010).

[32] *See id.*

14

No. 10-30861

affidavit in denying Gallow's claims. However, its ruling was without the benefit of *Pinholster*'s guidance.

Neither can we consider Muhammad's sworn testimony to the Disciplinary Board. Unfortunately, Gallow's post-conviction counsel made no effort to present the evidence of Muhammad's sworn testimony before the Disciplinary Board to the state court, nor did he make any effort to present evidence of Muhammad's conflict from any other source. Despite having expanded the appellate record, we are bound by *Pinholster* and cannot consider Muhammad's newly presented testimony; we may only consider what was presented to the state court. We are loathe to turn a blind eye to the facts presented in the expanded record. However, the state court was not given the opportunity to review it, and we cannot now do so for the first time on federal habeas review pursuant to § 2254(d)(1).[33] This means that because Gallow's claim was adjudicated on the merits in state court and the state court excluded Muhammad's affidavit, there is nothing, save Gallow's pleadings and the state court record, upon which to review his ineffective-assistance-of-counsel claim concerning Muhammad.

Under *Strickland*, a defendant claiming ineffective assistance of counsel must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense."[34] When an actual conflict adversely affects counsel's performance, prejudice is presumed.[35] Gallow asserts that there was an actual conflict of interest, so prejudice must be presumed. Again, neither Gallow nor his post-conviction counsel provided any evidence of this claim to the state court.[36] Because Gallow did not provide any admissible evidence in state

---

[33] *Pinholster*, 131 S. Ct. at 1400.

[34] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[35] *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).

[36] *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

15

No. 10-30861

court to support this allegation, Gallow cannot show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law."[37]

In the alternative, Gallow claims that his guilty plea was not voluntary because Muhammad persuaded him to plead guilty to avoid having to cross-examine the victim. The entry of a valid guilty plea waives nonjurisdictional defects in the plea proceedings, including claims of ineffective assistance of counsel, except for ineffectiveness claims related to the voluntariness of the plea.[38] Because Gallow's ineffective-assistance claim attacks the voluntariness of his guilty plea, the claim is not considered waived.[39]

A failure to establish either deficient performance or prejudice defeats Gallow's ineffective assistance claim.[40] To demonstrate prejudice with respect to his guilty plea, Gallow was required to show that "there [was] a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[41] Even in those instances "where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary."[42] "[T]he representations of the defendant, his lawyer, and the prosecutor [at the original plea hearing], as well as any findings made by the judge accepting the plea,

[37] 28 U.S.C. § 2254(d)(1).

[38] *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

[39] *See id.*

[40] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[41] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[42] *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) (quoting *Diaz v. Martin*, 718 F.2d 1372, 1379 (5th Cir. 1983)) (explaining that a voluntary plea negates *Strickland*'s prejudice requirement).

constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."[43]

The voluntariness of a plea can be demonstrated by showing that the defendant understood the charge and the consequences of pleading guilty.[44] The trial court's finding of voluntariness is entitled to a presumption of correctness on federal habeas review, which Gallow must rebut by clear and convincing evidence.[45] "We review the district court's finding for clear error, but decide any issues of law de novo."[46]

The district court reviewed the state trial court record in detail, finding that the transcript reflects that Muhammad explained the general contours of the plea agreement and that the state trial court engaged in a lengthy discussion with Gallow, explaining his rights and the effects of pleading guilty. The record also reflects that the state trial court questioned Gallow extensively as to whether he had been forced, threatened, or intimidated or if anyone had promised him anything to induce his plea. Gallow answered "no" to both questions. Gallow additionally affirmed that he understood that he did not have to plead guilty, that he had no reservations about doing so, and that the various crimes were explained to him. After this extensive discussion, the state trial court found that "both of your pleas of guilty were made freely, voluntarily and intelligently and that you want me to accept them and I do accept them." The court then asked additional questions of Gallow and Muhammad to ensure that they affirmed and acknowledged that Gallow's plea was a direct result of his plea bargain. Again, Gallow answered "yes." Gallow offered no reviewable evidence

---

[43] *Blackledge v. Allison*, 431 U.S. 63, 743-74 (1977).

[44] *Deville*, 21 F.3d at 657.

[45] 28 U.S.C. § 2254(e)(1); *see Patterson v. Dretke*, 370 F.3d 480, 484 (5th Cir. 2004).

[46] *Deville*, 21 F.3d at 656.

to rebut the presumption of verity of his guilty plea, nor has he demonstrated that the state courts' denial of relief resulted in an unreasonable application of law or was based on an unreasonable determination of the facts.[47]

## IV

The district court denied Gallow's request for an evidentiary hearing, holding that "the record clearly shows that [Gallow] failed to develop the factual basis for his claim" by failing to present "ANY" evidence regarding his ineffective-assistance claim, despite having the opportunity to do so at seven evidentiary hearings. Further, the district court held that Gallow failed to meet the requirements in § 2254(e)(2) to overcome his failure. A district court's ruling that it was legally forbidden to hold an evidentiary hearing is reviewed de novo.[48]

Gallow's COA was granted to determine if Muhammad provided ineffective assistance of counsel. We have denied Gallow's claim pursuant to § 2254(d). *Pinholster* dictates that evidence presented for the first time on federal habeas review may not be considered under § 2254(e)(2) for claims denied pursuant to § 2254(d)(1).[49] Similarly, the language of § 2254(d)(2) limits review to the "evidence presented in the State court proceeding."[50] Because we may not consider newly presented evidence, an evidentiary hearing would be futile; Gallow cannot meet the requirements of § 2254(e)(2) as the record now stands.

---

[47] *See* 28 U.S.C. § 2254(d).

[48] *Roberts v. Dretke*, 381 F.3d 491, 497 (5th Cir. 2004).

[49] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01 (2011) (explaining that "Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief").

[50] 28 U.S.C. § 2254(d)(2).

No. 10-30861

## V

Finally, the parties were directed to file supplemental briefing to address whether this appeal is affected by any matter that remains pending in state court or that was decided in state court subsequent to the district court's decision. Respondent acknowledged in answering Gallow's § 2254 application that state court proceedings remained pending on Gallow's claim but nevertheless indicated that Gallow had exhausted his state-court remedies. Respondent has not since briefed the issue of exhaustion or the current status of proceedings in state court.

After Gallow filed a motion styled "Motion for Issuance of Subpoena Duces Tecum Attorney's Motion to Withdraw the Guilty Plea" in state court seeking a copy of his February 18, 2000 motion to withdraw his guilty plea, the state trial court seemed willing to again entertain arguments on the merits of Gallow's motion to withdraw his guilty plea. The court appointed counsel for Gallow and reset the matter for March 19, 2009, in order to allow Muhammad, who was in federal prison, to be secured for appearance as a witness. Muhammad's presence could not be obtained for the hearing, which the state court attributed to a conflict with the federal prison. Though the state court ordered that the matter be reset to a later date to allow for compliance with federal-prison requirements, the state-court record does not reflect any further activity, and Gallow has stated that it has been "continued without date."

The most recent state-court records before this court end in April 2009. This court takes judicial notice of Louisiana Supreme Court rulings in 2009 and 2011, both of which appear to deny Gallow's application for supervisory and/or remedial writs.[51] However, neither of these summary denials offers an explanation for the underlying claims or requests for relief that were denied.

---

[51] *See State ex rel. Gallow v. State*, 2010-1756 (La. 8/19/11); 67 So. 3d 1257; *Gallow v. Stadler*, No. 2009-CI-0365 (La. 11/25/09); 220 So. 3d 173.

No. 10-30861

Our concern here lies in whether Gallow's claim is exhausted, as "[a]pplicants seeking habeas relief [] are required to exhaust all claims in state court prior to requesting federal collateral relief."[52] To satisfy the exhaustion requirement, Gallow must give the state courts an opportunity to act on his claim.[53] The Respondent has not contended that claims are unexhausted and at one point asserted that all claims were exhausted. Despite the possibility of there being a motion pending in state court, the state court has had multiple opportunities to address Gallow's claim that Muhammad provided ineffective assistance and has consistently denied his claim. We conclude that Gallow's claims have been presented to the state courts and are exhausted.

\*     \*     \*

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[52] *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam).

[53] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

20