# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30843
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2016

Lyle W. Cayce
Clerk

MICHAEL BRADFORD BASS,

Petitioner-Appellant

v.

J. TIM MORGAN, Warden Winn Correctional Center,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CV-3134

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Bradford Bass, Louisiana prisoner # 543016, pleaded guilty to attempted first degree murder of a police officer and was sentenced pursuant to a plea agreement to the statutory minimum of 20 years of imprisonment. He filed this 28 U.S.C. § 2254 application challenging his guilty plea, and we granted a certificate of appealability (COA) on the issues whether he received ineffective assistance of counsel based on (1) counsel's advice to enter a plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under *State v. Crosby*, 338 So. 2d 584 (La. 1976), and (2) counsel's failure to advise Bass of the alternative courses of action available to him, such as the option to plead guilty under *North Carolina v. Alford*, 400 U.S. 25 (1970).

Under the AEDPA, a state court's adjudication of an issue on the merits is entitled to deference. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A § 2254 application shall not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). The state court's factual findings are presumed correct unless the applicant rebuts these findings with clear and convincing evidence. § 2254(e)(1).

"This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citation omitted). To satisfy the standards of § 2254(d), a state prisoner must show that the state court's ruling on his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

To prevail on a claim of ineffective assistance of counsel, a prisoner must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). A failure to make either showing defeats the claim. *Id.* at 697.

No. 14-30843

An applicant makes the required showing of prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A defendant who pleads guilty upon the advice of counsel may attack the voluntariness of his guilty plea by showing that his counsel's advice constituted ineffective assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). To demonstrate prejudice in this context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

"Surmounting *Strickland*'s high bar is never an easy task." *Richter*, 562 U.S. at 105 (internal quotation marks and citation omitted). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* (internal quotation marks and citations omitted). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* at 101.

Bass contends that the Louisiana courts have not addressed the merits of this claim. The Louisiana Second Circuit denied Bass's writ application appealing the denial of his state habeas application, concluding that he had "failed to meet his burden of proving that any of his requested relief should be granted" citing Louisiana Code of Criminal Procedure article 930.2 and *State v. Berry*, 430 So. 2d 1005 (La. 1983). The disposition of Bass's state habeas application qualifies as an adjudication on the merits entitled to deference under § 2254(d). *See Gallow v. Cooper*, 505 F. App'x 285, 290-91 (5th Cir. 2012).

3

No. 14-30843

Bass argues in his brief that counsel's misleading advice to plead guilty under *Crosby*, reserving his rights to appeal the trial court's denial of his motions to quash and to suppress, induced or tricked him into making an unintelligent and involuntary plea. He asserts that counsel and the trial court "bamboozle[ed] the petitioner into believing he could come back to the district court for trial if the appellate court disagreed with trial court's rulings."

The State argues that counsel's advice to plead guilty reserving his right to appeal the denial of his motions to quash and to suppress under *Crosby* did not prejudice Bass because the state appellate court reviewed the trial court's rulings on the motions and upheld the trial judge's rulings. The State notes that Bass got the benefit of his plea agreement. Bass wanted the right to appeal the trial judge's ruling on his motions, he got that, and he lost. *See State v. Bass*, 47 So. 3d 541, 547-50 (La. Ct. App. 2010).

Alternatively, based on Bass's own statements at his plea hearing, Bass would likely have accepted the plea agreement regardless of counsel's alleged insufficient advice regarding the reservation of his right to appeal the trial court's ruling on his motions. The record shows that Bass's decision to plead guilty was not wholly dependent on his right to appeal the trial court's rulings on the motions, but that Bass accepted the plea bargain in part "because he believed that the testimony of the State's witnesses would be strong and that a jury would rule against him." Bass explained that the testimony of the witnesses at his hearing on the motions "was part of the reason why I think I'm accepting the plea." Bass felt that the plea was in his best interests because he was concerned that if the jury believed the testimony that was presented at the hearing and did not believe his version of the events, he would never see his children again.

Bass has not shown prejudice because he has not shown "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Thus, Bass has not shown that the state court's decision was contrary to or an unreasonable application of *Strickland* or an unreasonable determination of facts in light of the evidence presented in the state court proceeding. *See* § 2254(d).

Bass also argues that his counsel was ineffective for failing to advise him of the option to plead guilty under *Alford*. He asserts that he never intended or attempted to murder Officer Lambert and that he is innocent of the crime to which he pleaded guilty. He states that the record shows that he was attempting to flee the scene and avoid apprehension but does not contain significant evidence that he had the specific intent to kill Officer Lambert. He asserts that if he had been given the option of pleading under *Alford*, he would have done so, and under the standard of review required by *Alford*, his conviction could not stand.

The "best interest" or *Alford* plea is derived from *North Carolina v. Alford*, 400 U.S. 25, whereby the defendant pleads guilty while maintaining his innocence. In such a case, the Supreme Court held that a defendant may plead guilty, without forgoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant[,] . . . especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." *Id.* at 31. In a case involving an *Alford* plea, the record must contain "strong evidence of actual guilt." *Id.* at 37. Under *Alford*, when a defendant pleads guilty while maintaining his innocence, it is constitutional error to accept the plea without ascertaining that there is a

factual basis to support it.    Unless the defendant makes statements inconsistent with guilt, state courts are not constitutionally required to establish a factual basis. *Orman v. Cain*, 228 F.3d 616, 621 (5th Cir. 2000).

The State argues that the option to plead guilty under *Alford* was not part of the plea agreement.  The State asserts that Bass's admission of guilt was an important consideration for the State and the victim to agree to the minimum sentence that Bass received under the plea agreement.  The State notes that Bass never maintained his innocence, that he admitted that the testimony of witnesses at the hearing on his motions was a significant factor in his decision to plead guilty, and that he agreed that this evidence provided the factual basis for his plea.  The State argues that the evidence showing that Bass refused to stop speeding down the street with Officer Lambert screaming for him to stop shows his intent to commit the crime he admitted to in his plea.

The evidence presented at the motions hearing included testimony by Officer Lambert that Bass kept speeding while Lambert was hanging on half in and half out of the car, with Lambert yelling for Bass to stop.  Bass kept veering the car back and forth, trying to throw Officer Lambert out of the car.  Bass steered towards a telephone pole, and it looked to Officer Lambert like Bass was going to try to hit him into the pole.  Lambert was able to grab the steering wheel and spin the car so that it missed the pole.  The car stopped briefly, then Bass accelerated, creating skid marks and smoke, and crashed the car into a building.  The crash stopped the car, and Officer Lambert flew forward, hitting his head on the windshield.  Bass continued to try to drive the car forward into the building.  He then put the car in reverse, stepped on the gas, and backed out until the car hit something and stopped.  One of Officer Lambert's legs was pinned between the car and the building.  He was able to reach his Taser, he Tased Bass, and Bass finally stopped.  Officer Lambert

testified that he almost fell out of the car and was scared that he was going to get killed.

Bass did not make any statements suggesting that he was innocent or that were inconsistent with guilt. The trial judge explained the charge of attempted first degree murder, which included the specific intent to kill a police officer, and Bass stated that he understood the charge. The trial judge stated that the factual basis for the plea was what was heard at the hearing on the motion to suppress and motion to quash, to which statement Bass and Cooper agreed. The court found that there was a factual basis for the plea.

On direct appeal, Bass argued that the trial court should have been put on notice that there was a need for an *Alford* inquiry to determine whether there was a significant factual basis for the plea. He argued further that if the trial court had conducted an *Alford* inquiry, it would have revealed that the State's case did not contain significant evidence of his guilt. *Bass*, 47 So. 3d at 550. The state appellate court reviewed the plea colloquy and determined that Bass had not maintained his innocence and so *Alford* was not triggered. *Id.* at 551. The court further stated that the facts established the requisites for attempted first degree murder. *Id.*

Despite the fact that Bass did not proclaim his innocence and plead under *Alford*, he essentially had what is required by *Alford* in that the trial court did make a finding of a factual basis. Further, Bass received review of that issue on direct appeal. *Bass*, 47 So. -3d at 550-51. If he had pleaded guilty under *Alford*, the result would have been the same.

Again, Bass has not shown prejudice because he has not shown "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Bass has not shown that the state court's decision was contrary to or

involved an unreasonable application of *Strickland* or an unreasonable determination of facts in light of the evidence presented in the state court proceeding. *See* § 2254(d).

AFFIRMED.